# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE SHERWIN-WILLIAMS COMPANY** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 18-4517** |
| **v.** | : | |
| | : | |
| **COUNTY OF DELAWARE,** | : | |
| **PENNSYLVANIA,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                          OCTOBER 4, 2019

# MEMORANDUM OPINION

## INTRODUCTION

Plaintiff The Sherwin-Williams Company ("Plaintiff") brought this action against the County of Delaware (the "County") and five members of the Delaware County Council, identified as John P. McBlain, Colleen P. Morrone, Michael Culp, Kevin M. Madden, and Brian Zidek (together, the "Defendant Public Officials") (collectively with the County, "Defendants"), pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Plaintiff seeks declarations that "threatened," future lawsuits by the County would violate Plaintiff's various constitutional rights. Defendants have moved to dismiss this declaratory judgment action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), on the basis that no actual case or controversy exists and, therefore, this Court does not have subject-matter jurisdiction. The issues raised in Defendants' motion have been fully briefed and are ripe for consideration. For the reasons stated herein, Defendants' motion to dismiss is granted.

## BACKGROUND

Though Plaintiff's complaint in this matter contains nearly 100 paragraphs of allegations, for purposes of Defendants' underlying motion to dismiss for lack of subject-matter jurisdiction,

the facts can be summarized as follows: Plaintiff alleges that information contained in public filings, statements, and media reports has revealed that the County, acting through the Defendant Public Officials, has either retained, or is in the process of retaining counsel in order to potentially sue Plaintiff in various courts throughout Pennsylvania to pay for the inspection and abatement of lead paint in or on private housing and publicly owned buildings and properties. In support of its claims, Plaintiff contends that these "threatened lawsuits" and/or "anticipated claims of liability" will violate Plaintiff's constitutional rights. Based on these purported threats of litigation, Plaintiff seeks declarations that the County's threatened claims violate Plaintiff's First Amendment and Due Process rights.

Notably, the County's purported threat to bring a lawsuit against Plaintiff has not materialized. Notwithstanding the absence of any pending litigation, Plaintiff commenced this declaratory judgment action seeking to effectively preclude the County from bringing the threatened lawsuit.

**LEGAL STANDARD**

Rule 12(b)(1) permits a defendant to challenge a civil action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction rests with the party asserting its existence. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). When challenging a court's subject matter jurisdiction, a party may do so by way of either a facial or a factual attack. *See Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009). A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (citations omitted). "In reviewing a facial attack, the court must only consider the allegations of the complaint and

documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Here, Defendants have only made a facial attack.

## DISCUSSION

In their underlying motion to dismiss, Defendants contend, *inter alia*, that there is no "case or controversy" under Article III of the Constitution and, thus, this Court lacks subject matter jurisdiction. Specifically, Defendants argue that Plaintiff has failed to state the requisite particularized, concrete injury in fact that is required to show an actual case or controversy sufficient to satisfy its burden to invoke federal jurisdiction. This Court agrees.

The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a), the statute under which Plaintiff brings its current claims, "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton,* 515 U.S. at 286. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id*. at 289.

The DJA permits a district court, "[i]n a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Before granting or denying such relief, a court must determine whether an "actual controversy" exists within the meaning of the DJA. *See id*.; *Spivey Co. v. Travelers Ins. Cos.*, 407 F. Supp. 916, 917 (E.D. Pa. 1976). Though there is no precise definition as to what

constitutes an "actual controversy" for purposes of both the DJA and Article III of the Constitution, the facts alleged in a complaint must present a substantial controversy between adverse parties of sufficient immediacy and reality as to warrant a declaratory judgment. *Maryland Cas. Co. v. Pacific Coal & Oil Co*., 312 U.S. 270, 273 (1941).

Federal courts are limited by Article III of the U.S. Constitution to consider only actual "cases or controversies." *See Whitmore v. Arkansas*, 495 U.S. 149, 154–55 (1990). The "core" of the "case-or-controversy requirement" is the "triad of injury in fact, causation, and redressability." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). This core "serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore*, 495 U.S. at 155. To meet the injury-in-fact requirement, a plaintiff must establish "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted). To meet the causation requirement, a plaintiff must establish "a causal connection between the injury and the conduct complained of." *Id.* Finally, to meet the redressability requirement, a plaintiff must establish that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (internal citation omitted). If a litigant does not meet these requirements, the case must be dismissed for lack of subject matter jurisdiction. *See Steel Co.*, 523 U.S. at 88–89. This is true even when a plaintiff seeks a declaratory judgment. *See, e.g., St. Thomas–St. John Hotel & Tourism Ass'n, Inc. v. Gov't of the U.S. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000) ("A declaratory judgment . . . can issue only when the constitutional standing requirements of a 'case' or 'controversy' are met."). Importantly, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan,* 504 U.S. at 561.

Interrelated with the issue of what constitutes a "case and actual controversy" is the ripeness doctrine. *Wyatt, Virgin Islands, Inc. v. Gov't of the Virgin Islands*, 385 F.3d 801, 806 (3d Cir. 2004). The Court of Appeals for the Third Circuit ("Third Circuit") described the ripeness doctrine as follows:

> In determining whether a dispute has matured to a point to require judicial adjudication, courts must consider the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. A dispute is not ripe for judicial determination if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. Claims based merely upon assumed potential invasions of rights are not enough to warrant judicial intervention.

*Id.* at 806 (internal quotations and citations omitted).

Here, Defendants argue, and this Court agrees, that Plaintiff has not articulated a particularized, concrete injury in fact for purposes of demonstrating an actual case or controversy. Indeed, each of Plaintiff's claims for declaratory relief is dependent on some future, contingent act by Defendants, *i.e.*, the potential filing of a "threatened" lawsuit by the County. Specifically, each count of the complaint seeks a declaration that the County's "threatened" potential prosecution of its claims will violate Plaintiff's various constitutional rights. As such, the purported dispute between Plaintiff and Defendants "is contingent upon events that may not occur at all or may occur differently than anticipated." *Wyatt*, 385 F.3d at 808 (citation omitted). For this reason, there is no actual case or controversy. Thus, this matter, as pled, is not ripe for review.

Defendants also seek dismissal of Plaintiff's complaint on the basis that this Court does not have jurisdiction over declaratory actions that seek to adjudicate claims that arise as defenses to potential state court lawsuits. According to Defendants, the federal claims raised by Plaintiff are merely defenses to the County's potential future claims that can be raised in state court, if and

when any such claims are made. In support of this argument, Defendants rely on the Supreme

Court's decision in *Pub. Serv. Comm'n v. Wycoff*, 344 U.S. 237 (1952), in which the Court held:

> Where the complaint in an action for declaratory judgment seeks in
> essence to assert a defense to an impending or threatened state court
> action, it is the character of the threatened action, and not of the
> defense, which will determine whether there is federal-question
> jurisdiction in the District Court. If the cause of action, which the
> declaratory defendant threatens to assert, does not involve a claim
> under federal law, it is doubtful if a federal court may entertain an
> action for a declaratory judgment establishing a defense to that
> claim. This is dubious even though the declaratory complaint sets
> forth a claim of federal right, if that right is in reality in the nature
> of a defense to a threatened cause of action. Federal courts will not
> seize litigations from state courts merely because one, normally a
> defendant, goes to federal court to begin his federal-law defense
> before the state court begins the case under state law . . . .

*Id.* at 248 (citations omitted); *see also Allegheny Airlines, Inc. v. Pa. Pub. Util. Comm'n*, 465 F.2d

237, 241 (3d Cir. 1972).

This Court agrees with Defendants' argument. The entirety of Plaintiff's complaint reads

like a request for an advisory opinion regarding potential affirmative defenses to a state law case

that has not yet been, and may never be, filed. Plaintiff has not identified any recognized principle

of law that permits it to anticipatorily immunize itself against potential state court litigation by

bringing a case under the DJA. *See, e.g., MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 143

(2007) ("[T]he Declaratory Judgment Act does not allow federal courts to give advisory rulings

on the potential success of an affirmative defense before a cause of action has even accrued.")

(citing *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (dismissing a case that "attempt[ed] to gain

a litigation advantage by obtaining an advance ruling on an affirmative defense.")). Again, the

viability of Plaintiff's claims is dependent on events that have not yet occurred. Moreover, this

Court opines that Plaintiff's claims are nothing more than *anticipated* defenses to *anticipated*,

but not yet filed, state law claims.  Under these circumstances, this Court lacks subject matter jurisdiction.

**CONCLUSION**

For the reasons stated herein, Plaintiff's complaint fails to state facts sufficient to show an actual case and controversy.  As such, Defendants' motion to dismiss is granted, and this matter is dismissed for lack of subject matter jurisdiction.  An Order consistent with this Memorandum Opinion follows.


*NITZA I. QUIÑONES ALEJANDRO, J*